[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10524
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-10013-CR-KMM

UNITED STATES OF AMERICA,

                                                              Plaintiff-Appellee,

versus

ERNESTO MONTERO,

                                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 14, 2009)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ernesto Montero appeals his 33-month sentence imposed following his guilty plea to one count of conspiracy to induce aliens to enter the United States. Montero argues the district court erred when it refused to grant him a two-point reduction for acceptance of responsibility at sentencing on the ground his last-minute plea was not timely. He contends although his plea, offered on the morning trial was set to commence, was not timely for the purposes of a one-point reduction under § 3E1.1(b), considerations other than timeliness govern possible reductions under § 3E1.1(a).

We review for clear error both the district court's application of the Sentencing Guidelines and the denial of a reduction of sentence for an acceptance of responsibility. *United States v. Knight*, 562 F.3d 1314, 1322 (11th Cir. 2009); *see also United States v. Frank*, 247 F.3d 1257, 1261 (11th Cir. 2001) ("A district court is in a 'unique position to evaluate' whether a defendant sufficiently demonstrates acceptance of responsibility; therefore 'the determination of the sentencing judge is entitled to great deference on review.'" (quoting U.S.S.G. § 3E1.1 app. 5.").

Consistent with the applicable Guideline provisions, the district court ruled Montero failed to demonstrate his entitlement to an acceptance of responsibility

reduction. The court found Montero's plea was not timely[1] because Montero did not offer his plea until the morning his trial was to begin, thus necessitating significant trial preparation by the government and the transportation of witnesses from across the state, and inconveniencing the jury pool which was already assigned to the trial, Montero himself conceded his plea was not timely. The district court's reliance on the timing of Montero's plea and the context in which it was offered is in full accord with § 3E1.1(a), the explanatory comments accompanying that section, and the cases interpreting and applying it. Montero has therefore failed to demonstrate clear error. We conclude the district court's decision to deny Montero a two-point reduction for acceptance of responsibility was not clearly erroneous.

**AFFIRMED.**

---

[1] The timeliness of a guilty plea is a consideration under both § 3E1.1(a) and (b). *See* U.S.S.G. § 3E1.1, comment. n.1 (h) ("In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following: . . . the timeliness of the defendant's conduct in manifesting the acceptance of responsibility."); U.S.S.G. § 3E1.1, comment. n.6 ("The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific.").